### BLATCHFORD v. PAINE.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. DISCOVERY—EXAMINATION OF DEFENDANT—AFFIDAVIT.

Upon an application for examination of a defendant to enable the plaintiff to frame his complaint, in an action to establish a lost will, if every material fact or formal statutory requirement is stated in the moving affidavit, either upon positive knowledge or upon information alleged to have been obtained from the defendant, the fact that further allegations are made upon information and belief claimed to have been received from parties whose affidavits are not presented does not render the affidavit fatally defective.

2. SAME—ESTABLISHING LOST WILL.

In such an action it is essential that the complaint should set forth the provisions of the will claimed to have been lost, and the plaintiff, if ignorant thereof, is entitled to obtain the facts from a defendant who knows them, in order to frame the complaint.

Appeal from special term.

Action by Henrietta T. Blatchford against Willis S. Paine. From an order vacating an order to examine the defendant, to enable the plaintiff to frame her complaint, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Elihu Root, for appellant.

Frank A. Acer, for respondent.

O'BRIEN, J. This action was begun by the service of the summons, without the complaint, on the defendant Paine. The object of the action is to establish the last will and testament of one Ruby Tilden Paine, and is brought by a sister of and a beneficiary under the will of said testatrix. An order was granted directing that the defendant Paine be examined, and that his deposition be taken, for the purpose of enabling the plaintiff to frame her complaint. Thereafter a motion was made to vacate such order, which was granted, because of defects in the plaintiff's affidavit, and also upon the merits, in that it appeared from such papers that she was sufficiently informed of the facts to prepare a complaint; and, from the order entered thereon, this appeal is taken.

The affidavit on which the order for the examination was based complied in every respect with the formal statutory requirements; but the defects consist of certain allegations which are made upon information and belief. With respect to such defects, while it is

true, as claimed, that some of the allegations are upon information and belief, and the affidavits of the informants are not presented, nor their absence reasonably accounted for, yet it will be found, upon examining the plaintiff's affidavit, that the principal and essential allegations are stated positively, or are based upon information derived from the defendant. Thus, the parties to the action, and their residences, and which of them have appeared, and by whom, the object of the action, the place of trial, and the heirs at law and next of kin of the deceased, are positively averred. The plaintiff then, upon information and belief, states the value of the personalty, and that she "has been informed by the defendants Susan T. Sabin, Emily R. Tilden, and H. Tilden Swan that on the 16th day of May, 1894, * * * in their presence, both said Mr. and Mrs. Paine executed and published their wills; that, after the execution of said Ruby Tilden Paine's will, she handed it to the defendant Willis S. Paine, in their presence; * * * that since the said 16th day of May, 1894, the said Ruby Tilden Paine has on several occasions, in conversation with deponent, referred to the fact that she had made her will; * * * and deponent is informed and believes that similar references were made in conversation with other persons down to a few days before said Ruby Tilden Paine's death." This is followed by allegations that after the death of said Ruby Tilden Paine, while going from his residence to the safe-deposit company for the averred purpose of getting the will, "the defendant Paine informed deponent and her said sister that the will contained various provisions. which he mentioned specifically."

Without referring in further detail to the contents of the affidavit, it will be noticed, as said, that every material fact or formal statutory requirement is stated either upon positive knowledge, or upon information alleged to have been derived from the defendant; and the fact that the additional averments are made upon information and belief claimed to have been received from parties whose affidavits are not presented does not render the affidavit fatally defective, because we can treat such averments as surplusage, and, so considered, the affidavit is otherwise sufficient.

Upon the merits, we think the order for the examination should not have been vacated. It does not appear that the plaintiff has knowledge of the various provisions of the alleged will. On the other hand, the allegations are sufficiently definite to justify the inference that the defendant has such knowledge. The plaintiff states generally that she has ascertained, in addition to the fact that a will was made, that the property went to her family; but to what particular members thereof, or in what proportions, she does not know. As it is essential in a complaint of this kind that the provisions of the will claimed to have been lost should be set forth, the plaintiff is entitled to obtain the information essential to frame her complaint from those who may have knowledge of such facts.

The order should accordingly be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination denied, with $10 costs, but with leave to defendant to move to limit the scope of the examination as he may be advised. All concur.